UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Sierra Club, et al.,

        Plaintiffs,

    vs.                          **PRETRIAL CONFERENCE NOTICE**
                                     **AND ORDER**

United States, et al.,

        Defendants.             Court File No. 17-cv-909 (JNE/LIB)

* * * * * * * * * * * * * * * * * *

## NOTICE TO COUNSEL

       **Counsel should be aware and anticipate that the method to be used for the resolution of MOST discovery issue disputes and all other non-dispositive motions is presumed to be by "formal" motion practice. See, <u>Local Rule 7.1(a-b) - Civil Motion Practice - of the Local Rules for the District Court of Minnesota</u>.[1]**

       **Counsel should also be aware and anticipate that Pretrial Conferences, "formal" motion practice, any other matter that needs to be conducted in open Court upon the record, and Settlement Conferences will all be scheduled for and take place in the Federal Courthouse for the Division where the case is venued except that all 3rd and 4th Division case proceedings will be held at the Federal Courthouse in St. Paul, Minnesota, unless otherwise notified.**

* * * * * * * * * * *

       In accordance with the provisions of Rules 16 and 26 of the Federal Rules of Civil Procedure,

in conformity with the Civil Justice Reform Act Implementation Plan for the District of Minnesota,

which was adopted by Order dated August 23, 1993, and pursuant to the Electronic Case Filing

---

[1]Informal procedures for the resolution of discovery disputes <u>may</u> be considered, but <u>only</u> with prior permission of the Court, and <u>not</u> pursuant to any *ex parte* requests.

Procedures for the District of Minnesota/Civil authorized by Order dated May 13, 2004, a Pretrial Conference[2] in this matter is set for **11:30 a.m., on Wednesday, January 3, 2018**, before United States Magistrate Judge Leo I. Brisbois, in Courtroom No. 3, Gerald W. Heaney Federal Building and U.S. Courthouse, 515 W. First St., Duluth Minnesota. In order to facilitate matters, it is --

ORDERED:

1.      Unless otherwise directed, in accordance with Rule 26(f), Federal Rules of Civil Procedure, counsel for the parties shall meet and confer for direct talks (e-mail and letter exchanges will not be considered direct talks)  no later than fourteen (14) days prior to the date of the Pretrial Conference for the purpose of:

a.      Preparing an agenda of matters to be discussed at the Pretrial Conference.

b.      Preparing a joint proposed Pretrial Schedule for the case that shall include a plan for discovery setting forth specific parameters for anticipated discovery, including the number of depositions, the volume of documents expected to be produced, the volume of written discovery, and the extent of expert discovery.

c.      Preparing a joint plan to control excessive litigation costs and delays.  Such a plan shall include such matters as focusing

---

[2]The Pretrial Conference requires the personal appearance of at least one attorney of record for each party.  Other counsel of record for a party may participate by conference call, if they desire and if conference call technologies are available to the Court.

the initial discovery on preliminary issues that might be case dispositive, instituting document control and retrieval mechanisms to contain costs, stipulating to facts to eliminate unnecessary discovery, adopting procedures for orderly discovery, and scheduling alternating periods for party discovery and any other matters counsel may agree upon to control excessive litigation costs and delays. The parties should also consider whether electronic discovery will be a significant part of pretrial discovery and discuss a plan or protocol for electronic discovery which will control costs for all parties. The parties are directed to the Court's Electronic Discovery Guide as a resource to aid their discussions. The Guide can be found at http://www.mnd.uscourts.gov/FORMS/Clerks_Office/eDiscovery-Guide.pdf.

d.      Preparing a proposed schedule to submit to the Magistrate Judge for the Pretrial Conference which sets forth suggested time periods for fact discovery, for the joinder of parties and for expert discovery; cut-off dates for both nondispositive and dispositive Motions; and a trial readiness date.

e.      Considering whether or not they will consent to trial by the Magistrate Judge. If consent is given, specify preferred date certain for trial setting. [**Date is subject to confirmation by the**

**Magistrate Judge's Courtroom Deputy**.] Consent by the parties to trial by the Magistrate Judge may also be given at a future time as well.

**Counsel's attention is drawn to the attached Pretrial Scheduling Order template form which is to be used in preparing and submitting the Proposed Pretrial Scheduling Order. The Proposed Pretrial Scheduling Order is <u>not</u> to be filed on CM/ECF, but it shall be submitted directly to Magistrate Judge Leo I. Brisbois at e-mail address: brisbois_chambers@mnd.uscourts.gov.**

2.      After counsel have met and conferred on the matters set forth above, they will file and submit a Joint Rule 26(f) Report (see Local Rule approved forms) setting forth each of the matters agreed upon at least **three (3) business days** prior to the Pretrial Conference.  To the extent that counsel cannot agree upon any of the items set forth in Paragraph 1 above, then within the Joint Rule 26(f) Report each party shall submit its own proposal for each item a disagreement for review by the Magistrate Judge.  The Joint Rule 26(f) Report shall be filed on CM/ECF and a courtesy copy submitted directly to Magistrate Judge Leo I. Brisbois at e-mail address: brisbois_chambers@mnd.uscourts.gov.

3.      In addition to the foregoing, at **least three (3) business days** prior to the Pretrial Conference, the Defendant(s) shall advise the Plaintiff(s) of any applicable insurance coverage and the limits of the same, and, if the Plaintiff has placed a medical condition, physical or mental, into controversy, then the Plaintiff shall provide a listing of all pertinent treating physicians, if any, and duly executed Medical Authorizations.  See, <u>O'Sullivan v. State of Minnesota</u>, 176 F.R.D. 325 (D.

Minn. 1997).  Each party shall also file on CM/ECF, by no later than **three (3) business days** prior to the Pretrial Conference, a concise Statement of the Case setting forth that party's:

      a.      version of the facts of the case;

      b.      a listing of particularized facts which support the claimed liability or defenses, including any applicable statutes as identified by number; and

      c.      an itemization and explanation of any claimed damages.

**This Statement of the Case is to be signed by counsel and filed on CM/ECF pursuant to the Electronic Case Filing Procedures of the District of Minnesota and served on opposing counsel.**

    4.    In addition, subjects contemplated by Rule 16(c), Federal Rules of Civil Procedure, will be discussed as part of the 26(f) meet and confer.  Without limiting the generality of the foregoing, in advance of the Pretrial Conference the parties should consider:

      a.      Limitations and restrictions on expert testimony;

      b.      The appropriateness and timing of Summary Judgment;

      c.      The control and scheduling of discovery;

      d.      Resort to alternative dispute resolution techniques;

      e.      Reasonable limits on the time allowed for presenting evidence at trial; and

      f.     <u>**Counsel are expressly directed to seriously discuss settlement at the time of the 26(f) "meet and confer." The results of that discussion shall be reported to the Court at the time of the initial Pretrial Conference,**</u> **and EACH ATTORNEY SHALL SUBMIT AT LEAST <u>THREE (3) BUSINESS DAYS</u> PRIOR TO THE SCHEDULED PRETRIAL CONFERENCE A CONFIDENTIAL LETTER PROVIDING THAT PARTY'S CONFIDENTIAL ASSESSMENT AS TO WHEN PRIMARILY NECESSARY DISCOVERY MIGHT BE DONE SO AS TO SUGGEST WHAT AN OPTIMAL TIME WOULD BE FOR A SETTLEMENT CONFERENCE SO THAT SETTLEMENT EFFORTS WOULD BE MOST FRUITFUL**. **This confidential letter shall be submitted directly to Magistrate Judge Leo I. Brisbois at e-mail address: brisbois_chambers@mnd.uscourts.gov.**

5.     Following the Pretrial Conference, an Order establishing a schedule for all Pretrial proceedings, and such other matters as contemplated by Rule 16, shall be entered by the Court.

6.     This Pretrial Conference will not be continued pursuant to an independent Stipulation or agreement of counsel or by an informal unilateral application by a party. A continuance may be granted **<u>only</u>** by this Court and **<u>only</u>** for good cause shown. However, the right to act upon a request

for a continuance of the Pretrial Conference, <u>ex parte</u>, if exigent circumstances so warrant, is reserved to the Court.

      7.      Counsel's attention is specifically drawn to the provisions of Rule 16(f), Federal Rules of Civil Procedure.

      BY THE COURT:

DATED: November 27, 2017               s/Leo I. Brisbois
                                     Leo I. Brisbois
                                     U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

,

        Plaintiff,

vs.                                PRETRIAL SCHEDULING ORDER

,

        Defendant.              Court File No.  -cv-  (JNE/LIB)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pursuant to Pretrial Conference convened on _____, 2017, and in accordance with provisions of Rule 16, Federal Rules of Civil Procedure, and the Local Rules of this Court, to administer the course of this litigation in a manner which promotes the interests of justice, economy and judicial efficiency, the following Pretrial Schedule will govern these proceedings.  **The Schedule may be modified only upon formal Motion and a showing of good cause as required by Local Rules 7.1 and 16.3**.

**Counsel shall also comply with the Electronic Case Filing Procedures For The District of Minnesota, pursuant to Order Adopting Electronic Case Filing, dated May 13, 2004**.

THEREFORE, It is --

ORDERED:

I.

That all pre-discovery disclosures required by Rule 26(a)(1) shall be completed on or before **[INSERT DATE]**.  The period during which the parties must conduct all discovery (whether fact or expert) shall terminate on **[INSERT DATE]**.[3]  Disputes with regard to pre-discovery disclosures or discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Scheduling Order.  No further or additional discovery shall be permitted after the above date except upon motion and by leave of the Court for good cause shown, and any independent Stipulations or agreements between counsel which contravene the provisions of this Order will not be recognized. However, upon agreement of counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of discovery.

II.

That all Motions which seek to amend the pleadings or add parties must be filed and the Hearing thereon completed on or before **[INSERT DATE]**.[4]

III.

That all other nondispositive Motions shall be filed and the Hearing thereon completed prior to **[INSERT DATE - this date should be 30 days after the discovery deadline]**, by calling

---

[3]See, Local Rule 16.2(d)(3) of the United States District Court For the District of Minnesota Local Rules.

[4]This deadline does not apply to motions to amend pleadings to assert a claim for punitive damages. Motions which seek to assert claims for punitive damages must be filed and the Hearing thereon completed prior to the discovery deadline in Paragraph I.

Victoria L. Miller at 218-529-3520, Courtroom Deputy for Magistrate Judge Leo I. Brisbois.  All

nondispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(a)

and (b) and the Electronic Case Filing Procedures For The District of Minnesota.  No discovery

Motion shall be heard unless the moving party complies with the requirements of Local Rule 37.1.

IV.

A Settlement Conference pursuant to Local Rule 16.5(b) in the above-entitled matter is set

before Magistrate Judge Leo I. Brisbois, **[the DATE, TIME and LOCATION WILL BE**

**DETERMINED BY THE COURT**], on _____, 2017, at _____ a.m., in

[Courtroom No. 3, Gerald W. Heaney Federal Building and U.S. Courthouse, 515 W. First St.,

Duluth, Minnesota] [Courtroom No. 2, Edward J. Devitt Federal Building and U.S. Courthouse, 118

South Mill St., Fergus Falls, Minnesota] [Devitt Courtroom, Warren E. Burger Federal Building and

U.S. Courthouse, 316 N. Robert St., St. Paul].  A separate Notice of this Settlement Conference shall

be issued outlining the parties' obligations for preparation and for appearance of the Conference.

V.

That no more than **[INSERT NUMBER]** Interrogatories (counted in accordance with Rule

33(a), Federal Rules of Civil Procedure), shall be served by any party.  [If the parties have stipulated

to limitations on either the scope or number of discovery requests pursuant to Rule 34 and Rule 36,

the terms of such stipulation should be inserted here as well.].

VI.

That no more than **[INSERT NUMBER]** depositions (excluding expert depositions) shall be taken by any party without prior Order of the Court.

VII.

That within the foregoing period allotted for discovery, but no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all persons they intend to call as expert witnesses at trial.[5]  Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify.  The disclosure shall be accompanied by a written report prepared and signed by the expert witness.[6]  As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b.    The compensation to be paid for the study and testimony;

c.    A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d.    A complete statement of all opinions to be expressed and the basis and reasons therefor;

e.    The data or other information considered by the witness in forming the opinions; and

---

[5]This includes any witnesses who were retained for purposes of conducting an examination pursuant to Rule 35.

[6]If no written report is required by Rule 26(a)(2)(B), the disclosures shall still comply with Rule 26(a)(2)(C).

      f.       Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **[INSERT DATE]**.  The Defendant's disclosures shall be made on or before **[INSERT DATE]**.

## VIII.

That the parties **[do] [do not]** contemplate taking expert depositions.  No more than **[INSERT NUMBER]** experts may be deposed by any party without prior Order of the Court.

## IX.

That each party shall fully supplement all discovery responses according to Rule 26(e), Federal Rules of Civil Procedure.  Any evidence responsive to a discovery request which has not been disclosed on or before the discovery cutoff or other dates established herein, except for good cause shown, shall be excluded from evidence at trial.

## X.

All dispositive motions and supporting documents shall be filed and served on or before **[INSERT DATE - this date should be 30 days after the date for non-dispositive motions]**.[7] Counsel for the moving party shall call Judge Ericksen's Courtroom Deputy, Cathy Cusack, at 612-664-5890 to schedule the hearing for the dispositive motion.  Upon receipt of a hearing date (or an

---

[7]The parties should attempt to schedule dispositive motions after all discovery has been completed and to schedule all dispositive motions for the same hearing and should strive to avoid duplication in their briefing.  If the parties believe early or piecemeal dispositive motion practice is necessary, they should seek permission of the District Judge.

instruction that the hearing will take place at a date and time to be determined by the Court), the moving party shall immediately file and serve the dispositive motion and supporting documents.

The parties shall comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases.  When a motion, response or reply brief is filed on ECF, two (2) paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Courtroom Deputy Cathy Cusack at the same time as the documents are posted on ECF.

XI.

That this case shall be ready for Trial on **[INSERT DATE[8] -this date should be four (4) months after the date for dispositive motions]**, or 30 days after the Court renders its Order on any dispositive Motion (whichever is later), at which time the case will be placed on the Court's **[Jury]** [**non-Jury**] Trial calendar.  That the anticipated length of Trial is **[INSERT NUMBER of days/weeks.]**

BY THE COURT:

DATED:                                        _____
                                                      Leo I. Brisbois
                                                      U.S. MAGISTRATE JUDGE

_____

[8]**THIS DATE IS NOT A TRIAL SETTING DATE**.  The parties will be notified by the Calendar Clerk of the assigned Judge to a case by way of a Notice of Trial as to when this case will be placed on the Trial Calendar.  The above date is merely a notice to all parties to consider the case ready for trial as of this date.  **DO NOT PREPARE FOR TRIAL UNTIL NOTIFIED**.